# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Shafia M. Jones, | Case No. 19-cv-3057 (JRT/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Joshua Lafayhe, Sgt. Jones, and Christine Zuraff, *in their individual and official capacities*, | |
| Defendants. | |

This matter comes before the Court on pro se Plaintiff Shafia M. Jones's Motion to Clarify Order (ECF No. 11). Plaintiff seeks clarification regarding the Court's December 20, 2019 Order concerning her *in forma pauperis* ("IFP") status and the submission of Marshal Service Forms (Form USM-285).

## I. IFP STATUS

When filing her Complaint, Plaintiff did not pay the filing fee for this case, but instead filed an application seeking leave to proceed IFP. (ECF No. 2.) In the Order, the Court granted Plaintiff's IFP application; found that Plaintiff had "no assets and no means by which to pay an initial partial filing fee"; and informed Plaintiff that she was required to pay the unpaid balance of the $350.00 statutory filing fee in installments as "prescribed by 28 U.S.C. § 1915(b)(2)." (ECF No. 11 ¶¶ 1, 6.) Plaintiff requests clarification as she "is unsure of what she is obligated to obtain so far if she is fully granted [IFP]," and asks

1

if she is required "to pay an initial filing fee and if so at what amount." (ECF No. 11 at 2.) Plaintiff's request for clarification is granted.

Because Plaintiff is a prisoner, her IFP application is subject to the requirements of 28 U.S.C. § 1915(b). This statute provides that:

> (1) Notwithstanding subsection (a), if a prisoner brings a civil action . . . in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of —
>
> (A) the average monthly deposits to the prisoner's account; or
>
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint . . . .
>
> (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.
>
> (3) In no event shall the filing fee collected exceed the amount of fees permitted by statute for the commencement of a civil action . . . .
>
> (4) In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.

According to this statute — which is part of the Prison Litigation Reform Act of 1995 ("PLRA") — prisoners who are granted IFP status are not excused from paying the filing fee altogether, as is the case for non-prisoner IFP litigants. Instead, a prisoner who

is granted IFP status is merely granted permission to pay the filing fee in installments, rather than paying the entire amount in advance. *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998) ("The purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time."). Thus, § 1915(b)(1) generally requires prisoner IFP applicants to pay an initial partial filing fee at the outset of the case, and § 1915(b)(2) requires the remaining balance be paid in installments through regular deductions from the prisoner's account.

Section 1915(b)(1) states, however, that the initial partial filing fee should be collected "when funds exist." Correspondingly, § 1915(b)(4) states that "[i]n no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." The Court has determined that Plaintiff has no assets and no means by which to pay an initial partial filing fee.

**Therefore, no initial partial filing fee is due from Plaintiff.** But, while Plaintiff is not required to pay an initial partial filing fee, Plaintiff is still obligated to pay the balance of the $350.00 statutory filing fee from her account over time as required by § 1915(b)(2), which is why the institution in which she is incarcerated received a copy of the Court's Order.

## II. MARSHAL SERVICE FORMS

The Court's Order also directed Plaintiff to complete Marshal Service Forms for each defendant, which would be provided to Plaintiff by the Court. (ECF No. 7 ¶ 2.) It

appears that the Marshal Service Forms were not included with the Court's Order when it was initially mailed to Plaintiff. The Marshal Service Forms were, however, sent to Plaintiff shortly thereafter, and completed Marshal Service Forms were subsequently received from Plaintiff. Plaintiff's request for Marshal Service Forms and additional time in which to submit them is therefore denied as moot.

### III. ORDER

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Clarify Order (ECF No. 11) is **GRANTED IN PART** and **DENIED IN PART** as set forth herein.

2. All prior consistent orders remain in full force and effect.

3. Failure to comply with any provision of this protective order or any other prior consistent order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits, and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

Date: January  17 , 2020                     *s/ Tony N. Leung*
                                              Tony N. Leung
                                              United States Magistrate Judge
                                              District of Minnesota


                                              *Jones v. Lafayhe et al.*
                                              Case No. 19-cv-3057 (JRT/TNL)